**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CALVIN COPELAND,

                 **Petitioner,**

    **v.**                                    **1:14-cv-1801-WSD**

TAMALA BROWN, Warden,

                 **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [9] ("R&R"). The R&R recommends that Petitioner Calvin Copeland's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] ("Petition") be denied and this action be dismissed.

## I.    BACKGROUND

### A.    Facts[1]

The Georgia Court of Appeals summarized the facts of this case as follows:

[T]he evidence showed that around 7:15 p.m. on January 20, 2010, 72-year-old Bettie Renfro and her 74-year-old husband, Dewey

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Renfro, arrived at the Austin Avenue Baptist Church in Marietta, Georgia for the regular Wednesday evening service.  The pastor of the church and his wife, Arthur and Gail Reese, arrived at approximately the same time.  As the four individuals met up in the well-lit parking lot, they noticed a man walking up the street and briefly greeted him.  The man was wearing white pants, a striped knit top, and carrying two fishing poles.  The two couples then walked up the ramp to the front door of the church.  As the pastor's wife unlocked the door, the man walked up the steps and grabbed Mrs. Renfro's purse.  Mrs. Renfro was carrying her purse on her shoulder, and as the man grabbed it, the purse slid down her arm, and she tried to hold on to it.  Mrs. Renfro testified at trial that this struggle "hurt [her] arm and [her] hand real bad, but [she] just tried to hold on as tight as [she] could."

Mr. Renfro, who had walked up the ramp directly behind his wife, chased after the man.  When Mr. Renfro yelled, "If you don't stop, I am going to shoot you," the man dropped the purse and ran off but did not drop the fishing poles.  Mr. Renfro retrieved the purse, and Mr. Reese drove and picked him up.  Mrs. Reese called the police, and City of Marietta Police Officer Gowerek arrived soon after.  The officer received a description of the purse-snatcher and drove in the direction in which the man fled.  He soon came up on a male in white colored clothing carrying two fishing poles and upon questioning, identified him as [Petitioner].  [Petitioner] told the officer that he was fishing, but the officer did not know of any nearby fishing area and the fishing poles did not work.  Since [Petitioner] matched the description of the robber, Officer Gowerek drove [Petitioner] back over to the church with the fishing poles in the trunk of his car.  Once the officer parked the car in front of the church entrance, Mr. Renfro walked down the steps, looked through the car window and said, "That's him.  That's the guy that took the purse."  Mrs. Reese agreed, "He had the same clothes on, the same face, it was him."

Copeland v. State, 754 S.E.2d 636, 638 (Ga. Ct. App. 2014).

The Cobb County Grand Jury indicted Petitioner for robbery and simple battery, criminal action number 10-9-1141-33.  (Resp't Ex. 1 [7.1] at 5-7).

Petitioner, represented by Arthur H. Marateck, proceeded to trial.  Petitioner filed a motion to suppress in which he argued that it was a violation of due process to allow as evidence identification testimony that was based on a one-person show-up.  (Resp't Ex. 1/Part 2 [7.2] at 69-72).

At the suppression hearing, the state called Officer Gowerek, who testified that Mr. Renfro told him the following: (1) he was with his wife on the steps leading up to the church when his wife's purse was snatched; (2) he chased the robber until he dropped the purse and a few minutes later he saw the robber walking back toward the church but then lost sight of him; and (3) the robber was wearing white or light colored pants and a light-colored sweatshirt and was carrying two fishing rods.  (Resp't Ex. 2 [7.4] at 6, 9, 11, 13).  Gowerek testified (1) that he stopped and detained Petitioner, who he found walking nearby and who fit the Renfros' description of the robber; (2) that he drove Petitioner back to the scene of the crime for a one-man show-up approximately twenty-five minutes after the crime occurred; and (3) that Mr. Renfro identified Petitioner with one hundred percent certainty.  (Id. at 8, 9, 19, 22).

Petitioner argued at the hearing that the one-person show-up was inherently suggestive and that the state had not met its burden of showing that identification testimony was reliable.  (Id. at 25-26).  The state argued that Petitioner failed to

3

show that the show-up was impermissibly suggestive.  (Id. at 26-27).  The trial court found that the show-up was not impermissibly suggestive and denied the motion.  (Id. at 29).

Petitioner was found guilty on both charges.  On November 8, 2010, the court imposed a twenty-year sentence and a twelve month concurrent sentence, with fifteen years to be served in confinement.  (Resp't Ex. 1/Part 3 [7.3] at 100-103).  The court denied Petitioner's motion for a new trial, as amended through new counsel Angela Z. Brown.  (Id. at 107-108, 117-19, 125-36, 140).

Petitioner directly appealed, and, on February 6, 2014, the Georgia Court of Appeals affirmed the judgment against Petitioner.  Copeland, 754 S.E.2d at 640. On direct appeal, Petitioner argued that the trial court's denial of his motion to suppress the identification testimony was error because (1) the pre-trial identification procedure was unnecessarily suggestive in violation of due process; (2) the court, contrary to Georgia law, allowed the government to use hearsay testimony to meet its burden of showing that the identification testimony was reliable, which stopped Petitioner from cross-examining the witnesses at the hearing to bring out evidence favorable to suppression; and (3) the court asked Gowerek questions, which also helped the state meet its burden.  (Resp't Ex. 5 [7.10] at 7-11).  The Georgia Court of Appeals found that there was no error under

Georgia law in allowing hearsay testimony or in the trial court asking Gowerek questions during the hearing on the motion to suppress.  Copeland, 754 S.E.2d at 638 and n.2.

     B.    Procedural History

On June 9, 2014, Petitioner filed his federal Petition.  In it, he asserted two grounds for relief: the trial court violated his constitutional rights when it (1) denied his motion to suppress the identification testimony of Mr. Renfro, and (2) denied his request to charge on the lesser included offense of theft by taking.  (Pet. at 5).

On November 26, 2014, the Magistrate Judge issued her R&R.  The Magistrate Judge found "nothing unreasonable in the state court's rejection of Petitioner's constitutional claim on identification testimony."  (R&R at 14).  The Magistrate Judge also found that Petitioner raised and exhausted the jury instruction issue on direct appeal as a matter of state law, did not raise the jury instruction issue as a federal constitutional due process claim in state court, and thus procedurally defaulted his federal due process claim.  (Id. at 9).  The Magistrate Judge recommended denial of the Petition, and recommended that a Certificate of Appealability ("COA") be denied.  (Id. at 15-17).

Petitioner did not file any objections to the R&R.

5

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

#### 1.    Ground One: Motion to Suppress Identification Testimony

The Magistrate Judge found "nothing unreasonable in the state court's rejection of Petitioner's constitutional claim on identification testimony."  (R&R at 14).[2]

---

[2]    Petitioner also argued that the trial court, based on hearsay testimony, denied his motion to suppress identification testimony that was tainted by the pre-trial one-person show-up.  (Pet. at 5).  The Magistrate Judge found that Petitioner procedurally defaulted these hearsay claims because Petitioner raised and exhausted his hearsay claim as a matter of state law and did not raise a federal

The Magistrate Judge found that, to the extent that Petitioner adequately raised his due-process identification claim in the Georgia Court of Appeals, the state appellate court implicitly rejected the claim.  (R&R at 11).  The Magistrate Judge thus reviewed the appellate court's rejection to determine whether it resulted in a decision that is contrary to clearly established federal law or an unreasonable application thereof.  (Id. (citing Harrington v. Richter, 562 U.S. 86, 101 (2011))).

Federal due process does not allow evidence that is based on an out-of-court identification if the out-of-court procedure was "unnecessarily suggestive" and it gave rise to an "irreparable misidentification."  Jones v. Kemp, 794 F.2d 1536, 1539 (11th Cir. 1986) (quoting Stovall v. Denno, 388 U.S. 293, 302 (1967)) (internal quotation marks omitted).  In examining the admissibility of identification testimony that follows out-of-court identifications, the court first must decide whether the out-of-court identification procedure was "impermissibly suggestive[.]"  United States v. Smith, 459 F.3d 1276, 1294 (11th Cir. 2006) (internal quotation marks omitted) (quoting United States v. Russo, 796 F.2d 1443, 1452 (11th Cir.1986)).  Although a one-person show-up is an inherently suggestive

---

constitutional claim regarding the trial court's questions during the suppression hearing, and the state appellate court decided those issues under state law.  (R&R at 11).  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

procedure, it may not be impermissibly so in certain circumstances, such as when a sole eye-witness is at risk of dying or when an officer has detained a suspect at the scene and does not want to mistakenly arrest an innocent person.  Brisco v. Ercole, 565 F.3d 80, 88-89 (2d Cir. 2009); see also United States v. Whitehead, 567 F. App'x 758, 768 (11th Cir. 2014) ("First, we must determine whether law enforcement used an identification procedure that is both suggestive and unnecessary."), cert. denied, 135 S. Ct. 308 (2014).

If the court determines that the procedure was impermissibly suggestive, it "must then determine whether the identification procedure created a substantial likelihood of misidentification" or whether the resulting identification is sufficiently reliable in the circumstances.  Smith, 459 F.3d at 1294 (internal quotation marks omitted) (quoting Russo, 796 F.2d at 1452).  To determine whether the identification was reliable under the totality of the circumstances, the court considers the following factors: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."  Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

The Magistrate Judge found that, though the one-person show-up was suggestive,

> [I]t was not impermissibly so nor was it unreliable when Mr. Renfro had an adequate opportunity to observe the robber, described to the officer the robber's clothing and fishing rods (which matched Petitioner), was certain of his identification of Petitioner as the robber, and identified Petitioner within a short period of time after the crime was committed, while his memory was fresh.

(R&R at 14).  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

### 2.   Ground Two:  Jury Instructions

Before the case was submitted to the jury, the court denied Petitioner's request to charge the jury on the lesser included offense of theft by taking.  (Resp't Ex. 1/Part 3 at 94; Resp't Ex. 3b [7.6] at 3).  The jury found Petitioner guilty of robbery as charged.  (Resp't Ex. 1/Part 3 at 100).  On direct appeal, Petitioner argued that the trial court misapplied Georgia law in denying his request to charge on the lesser included offense of theft by taking.  (Resp't Ex. 5 at 6).  The Georgia Court of Appeals found that the trial court's decision complied with Georgia law. Copeland, 754 S.E.2d at 639.

Petitioner argues in this Court that he was denied his constitutional due process rights when the trial court denied his request to charge on the lesser included offense of theft by taking.  (Pet. at 5).

9

The Magistrate Judge found that Petitioner's claim is procedurally defaulted, because Petitioner raised and exhausted the jury instruction issue on direct appeal as a matter of state law, and did not raise it as a federal constitutional due process claim on his direct appeal in his state habeas action.[3]  (R&R at 15).  The Court finds no plain error in this finding and recommendation.  See Slay, 714 F.2d at 1095.

   3. Certificate of Appealability

The Magistrate Judge recommended that a COA be denied, because there is no reasonable debate (1) that the state court's resolution of Petitioner's challenge to identification testimony warrants deference, and (2) that Petitioner procedurally defaulted his remaining grounds.  The Court finds no plain error in this finding and recommendation.  See Slay, 714 F.2d at 1095.  Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**III. CONCLUSION**

Accordingly, for the foregoing reasons,

---

[3] Petitioner also does not present any argument to overcome his procedural default.

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 31st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE